FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 JUL 29 A 11: 55

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

TRUSTEES OF THE NATIONAL
AUTOMATIC SPRINKLER INDUSTRY
WELFARE FUND, *et al.*,

    Plaintiffs,

v.

ALTITUDE FIRE PROTECTION, LLC,

    Defendant.

Case No.: GJH-15-2662

## MEMORANDUM OPINION

Pursuant to Fed. R. Civ. P. 55(b), Trustees of the National Automatic Sprinkler Industry Welfare Fund, Trustees of the National Automatic Sprinkler Local 669 UA Education Fund, Trustees of the National Automatic Sprinkler Industry Pension Fund, Trustees of the Sprinkler Industry Supplemental Pension Fund, and Trustees of the International Training Fund (collectively, "Plaintiffs" or "NASI Funds"), have filed a Motion for Default Judgment, with supporting declarations and exhibits, as to Defendant Altitude Fire Protection, LLC. ECF No. 8. No hearing is necessary to resolve the Motion. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, Plaintiffs' Motion is granted.

**I.    BACKGROUND**

The NASI Funds are multiemployer "employee benefit plans" as that term is defined in the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(3). ECF No. 2 ¶ 2. The NASI Funds are established and maintained according to provisions of the Restated Agreements and Declarations of Trust ("Declarations of Trust") and a collective bargaining

agreement between the Sprinkler Fitters Local Union No. 669 (the "Union") and Defendant. *Id.*; *see also* ECF Nos. 8-4, 8-5, 8-6, 8-7, 8-8, 8-9. Defendant is a Colorado corporation with offices located in Colorado. Defendant transacts business as a contractor or subcontractor in the sprinkler industry, and is an employer in an industry affecting commerce as defined by ERISA, 29 U.S.C. § 1002(5), (12), and the Labor-Management Relations Act, 28 U.S.C. § 142(1). ECF No. 2 ¶ 3.

Plaintiffs allege that Defendant entered a collective bargaining agreement with the Union, pursuant to which Defendant was required to submit reports documenting the hours worked by journeymen and apprentice sprinkler fitters employed by Defendant and to pay certain contributions to the NASI Funds for each of those hours worked. ECF No. 2 ¶¶ 4–5. Pursuant to the collective bargaining agreement, Defendant became bound by the respective Declarations of Trust, as well as Guidelines for Participation in the NASI Funds (collectively, "Trust Agreements"). *Id.* ¶ 7; *see also* ECF No. 8-10. Under the terms of the Trust Agreements, payments and completed reporting forms are due by the 15th day of the month after which the work was completed. *See. e.g.*, ECF No. 8-5 at 24; ECF No. 8-10 at 6. When an employer becomes two or more months delinquent in making the required contributions and filing properly completed report forms, the NASI Funds are permitted to determine the amount of the employer's delinquency using the following formula:

> [T]he amount of the delinquency [is] the greater of (a) the average of the monthly payments or reports submitted by the Employer for the last three (3) months for which payments or reports were submitted, or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted . . . .

ECF No. 2 ¶ 9; *see also* ECF No. 8-3 ¶ 8; ECF No. 8-5 at 25–26; ECF No. 8-6 at 24; ECF No. 8-7 at 23; ECF No. 8-8 at 28–29; ECF No. 8-9 at 22–23.[1] Additionally, when an employer fails to timely pay required contributions, the employer is obligated to pay liquidated damages pursuant to the following calculation:

> (1) If payment is not received . . . by the 15th of the month, 10% of the amount [owed] is assessed.
> (2) An additional 5% is added if payment is not received . . . by the last working day of the month in which payment was due.
> (3) An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

ECF No. 2 ¶ 13; ECF No. 8-3 ¶ 12; ECF No. 8-5 at 24; ECF No. 8-6 at 23; ECF No. 8-7 at 22; ECF No. 8-8 at 27; ECF No. 8-9 at 21.

According to the Complaint, Defendant failed to submit reports or pay contributions for the months of March 2015 through July 2015. ECF No. 2 ¶ 8. Additionally, Defendant's contributions on behalf of its sprinkler fitter employees for the months of April 2013 through March 2014 and July 2014 through February 2015 were paid late. *Id.* ¶ 11. In the Complaint, Plaintiffs sought a judgment totaling $67,276.79, plus costs, interest, and reasonable attorneys' fees, representing $25,275.67 in unpaid contributions and $42,001.12 in liquidated damages assessed on the late contributions for the months of April 2013 through March 2014 and July 2014 through July 2015, as well as "all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment . . . ." *Id.* ¶¶ A–C.

Plaintiffs initiated the present action on September 9, 2015, ECF No. 1, and the time for Defendant to respond to Plaintiffs' Complaint expired on October 13, 2015, *see* ECF No. 5; Fed. R. Civ. P. 12(a)(1)(A)(i). On December 11, 2015, the Court ordered Plaintiffs to file and serve a motion for entry of default and a motion for default judgment within thirty days. ECF No. 6.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Plaintiffs filed those motions on January 8, 2016, ECF Nos. 7 & 8, and an Order of Default was entered against Defendant on March 4, 2016, ECF No. 9.

In Plaintiffs' Motion for Default Judgment, Plaintiffs indicate that, after initiating the present action, Defendant submitted untimely reports and paid contributions due to the NASI Funds for the months of March and April 2015, but that Defendant failed to submit reports or pay contributions for the months of August 2015 through November 2015. ECF No. 8-3 ¶¶ 6–7. And, in addition to the months of late payments specified in the Complaint, Plaintiffs note that the contributions owed for the months of May 2015 through November 2015 were late. *Id.* ¶ 11.

## II. STANDARD OF REVIEW

"A defendant's default does not automatically entitle the plaintiff to entry of a default judgment: rather, that decision is left to the discretion of the court." *Choice Hotels Intern., Inc. v. Savannah-Shakti Carp.*, No. DKC-11-0438, 2011 WL 5118328 at * 2 (D. Md. Oct. 25.2011) (citing *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D. Md. 2002)). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir.1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005). Rule 54(c) of the Federal Rules of Civil Procedure limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." In entering default judgment, a court cannot, therefore, award additional damages "because the defendant could not reasonably have expected that his damages would exceed th[e] amount [plead in the complaint]." *In re Genesys*

4

*Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (citing *S.E.C. v. Management Dynamics, Inc.*, 515 F.2d 801, 814 (2nd Cir. 1975); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd Cir. 1981)). While the Court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' District Council Pension, et al. v. E.G.S., Inc.*, No. WDQ–09–3174, 2010 WL 1568595, at *3 (D. Md. Apr.16, 2010) ("[O]n default judgment, the Court may only award damages without a hearing if the record supports the damages requested.").

## III. DISCUSSION

In considering a motion for default judgment, the Court accepts as true the well-pleaded factual allegations in the Complaint as to liability, but nevertheless "must determine whether the well-pleaded allegations . . . support the relief sought in th[e] action." *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 685 (D. Md. 2013) (citation and internal quotation marks omitted). In the Complaint, Plaintiffs allege that Defendant committed to a collective bargaining agreement whereby it agreed to submit reports and pay contributions for hours worked by journeymen and apprentice sprinkler fitters employed by Defendant, and that Defendant became delinquent on those payments. ECF No. 2 ¶¶ 4–5, 8, 11–12. ERISA states that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see also* 29 U.S.C. § 1132(g) (providing that employers who fail to timely make contributions are liable in a

civil action for, *inter alia*, unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs of the action). ERISA therefore "'provide[s] trustees of multiemployer benefit plans with an effective federal remedy to collect delinquent contributions.'" *Int'l Painters*, 919 F. Supp. 2d at 685–86 (quoting *Laborers Health & Welfare Trust Fund for Northern Cal. v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 541, 108 S.Ct. 830 (1988)). Thus, assuming the truth of the well-pleaded allegations in the complaint, Plaintiffs have established Defendant's liability for failure to pay contributions required under the collective bargaining agreement and trust agreements.

With respect to damages, Plaintiffs now seek judgment against Defendant in an amount totaling $86,226.35, broken down as follows: $33,959.80 in contributions owed for the months of May through November 2015; $44,917.05 in liquidated damages assessed on late contributions for the months of April 2013 through March 2014 and July 2014 through November 2015; $5,562.50 in interest "at the rate of 12% per annum through the date of payment and assessed on unpaid contributions through January 22, 2016 and continuing to accrue through the date of payment"; $1,192.00 in attorneys' fees; and $595.00 in costs. ECF No. 8 at 1.

The Court is, of course, limited in the amount of damages it may award in a default judgment by Rule 54(c). Under that rule, the award may not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Although the damages sought in Plaintiffs' Motion for Summary Judgment differ in dollar amount than those sought in Plaintiffs' Complaint, this Court recently recognized:

> Where a complaint demands a specific amount of damages *and* unspecified additional amounts, . . . so long as a defendant has notice that additional unspecified damages may be awarded if the case proceeds to judgment, general allegations in the complaint may suffice to support default judgment in an amount

6

> that is proven, either by way of exhibits, affidavits, and other documentation in support of a motion for default judgment, or at a hearing.

*Tr. of the Nat'l Automatic Sprinkler Indus. Welfare Fund v. Harvey*, No. GJH-15-521, 2016 WL 297425, at *5 (D. Md. Jan. 21, 2016) (emphasis in original). Indeed, "the purpose of Rule 54(c)'s prohibition on damages that 'exceed in amount' or 'differ in kind' from that sought in the complaint is to allow the defendant to be able to 'decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action.'" *Id.* (quoting 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2663 (3d ed. 1998)). Thus, Rule 56(c) "does not preclude an award of damages that accrued during the pendency of the action [where] such damages were explicitly requested in the complaint, and sufficiently established by the affidavits submitted by plaintiffs." *Id.* (quoting *Ames v. STAT Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y. 2005)). In those circumstances, a defendant is "put on notice that [the] plaintiff was seeking such damages when defendant was served with the complaint" and "[t]hat notice was renewed when defendant was served with [the plaintiff's] motion for default judgment . . . ." *Id.* (quoting *Ames*, 227 F.R.D. at 362).

Here, although Plaintiffs only demanded $25,275.67 in unpaid contributions and $42,001.12 in liquidated damages in the Complaint, ECF No. 2 ¶¶ A–B, they also sought contributions and liquidated damages "which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g)." *Id.* ¶ C. Defendant, accordingly, had notice at the time the Complaint was filed that failure to defend the action could result in a judgment in excess of the specific dollar figure stated in the Complaint. Defendant also received notice of the specific amounts Plaintiffs sought to recover in default judgment when they were served with copies of Plaintiffs' Motion for Default Judgment. ECF No. 8. Accordingly, "[t]he damages sought by Plaintiffs in their

7

Motion for Default Judgment do not 'differ in kind' or 'exceed in amount' that plead for in the Complaint; rather under the plain language of that provision, the damages Plaintiffs request in their Motion are precisely the damages plead for in the Complaint, notwithstanding that the total amount of those damages has increased since the time this action was initiated." *Harvey*, 2016 WL 297425, at *6.

In support of their request for contributions owed under the collective bargaining agreement and Trust Agreements, Plaintiffs submit the declaration of Michael W. Jacobson, a Fund Administrator of the NASI Funds. ECF No. 8-3. Jacobson attests that Defendant has failed to pay contributions for May through November 2015. *Id.* ¶ 7. Jacobson also attests that Defendant has failed to submit reports for those months, and, accordingly, that the projected amount of Defendant's delinquency for the hours worked by covered employees totals $33,959.80. *Id.* ¶¶ 7, 9. Finally, Jacobson indicates that Defendant's contributions for the months of April 2013 through March 2014 and July 2014 through April 2015 were paid late, and that contributions for May through November 2015, being as yet unpaid, are late. *Id.* ¶¶ 10–11. Defendants therefore owe liquidated damages totaling $44,917.05. *Id.* ¶ 13. Jacobson's calculations are also documented in a spreadsheet specifying all of Defendant's unpaid and late contributions. ECF No. 8-11 ("Exhibit I"). The record therefore substantiates Plaintiffs' request for unpaid contributions and liquidated damages.

Plaintiffs also seek $5,262.50 in interest at the rate of 12% per annum assessed on late paid contributions through the date of the payment and on unpaid contributions through January 22, 2016 and continuing to accrue through the date of payment. ECF No. 8 at ¶ 3. The interest is owed pursuant to 29 U.S.C. § 1132(g) and the Trust Agreements. The figures in Exhibit I correspond with the amount requested in the motion for default judgment and are otherwise supported by the record.

8

In support of their claim for attorneys' fees and costs, Plaintiffs submit the declaration of their attorney, Charles W. Gilligan, ECF No. 8-12, a spreadsheet specifying the hourly billing by Gilligan and his paralegal with respect to the instant lawsuit, ECF No. 8-13, and invoices for costs spent on out-of-state process service, ECF No. 8-14. These materials indicate that Gilligan's firm spent nine hours on this case on behalf of Plaintiffs, at a rate of $122 per hour for paralegal time and $310 per hour for attorney time. ECF Nos. 8-12, 8-13. These rates are well within the local guidelines and are reasonable. *See* Local Rule App. B (D. Md. 2016). Plaintiffs are therefore awarded $1,192 in attorneys' fees. The record also substantiates the following expenses: $195 for service of process and $400 for filing fees. ECF Nos. 8-12, 8-13. Thus, Plaintiffs are awarded $595 in costs.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment, ECF No. 8, is **GRANTED**. Judgment will be entered in favor of Plaintiffs in the amount of $86,226.35 as follows: $33,959.80 in contributions owed; $44,917.05 in liquidated damages; $1,192.00 in attorneys' fees; $595.00 in costs; and $5,562.50 in interest assessed at the rate of 12% per annum on paid contributions through the date of payment and assessed on unpaid contributions through January 22, 2016 and continuing to accrue through the date of payment. A separate Order follows.

Dated: July 29, 2016

/s/
GEORGE J. HAZEL
United States District Judge

9